UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALFORD LEONARD MARDIS,

                Petitioner,

v.                              Case No. 2:06-cv-452-FTM-29DNF

JAMES V. CROSBY, JR., Secretary of
Florida Department of Corrections,

                Respondent.
_____

**OPINION AND ORDER**

This cause is before the Court on Petitioner Alford Leonard Mardis's (hereinafter "Mardis" or "Petitioner") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. #1) signed on August 30, 2006, and filed on September 5, 2006. Petitioner challenges some of his convictions and sentences in the Twentieth Judicial Circuit Court in Collier County, Florida. The State has filed a Response in opposition (Doc. #18), supported by exhibits. (Doc. #21.) Petitioner filed a Reply (Doc. #23.) Upon review, the Court determines that habeas relief should be denied for the reasons set forth below.

**I.**

On May 15, 1997, Petitioner was charged in a four-count Indictment (Doc. #21, Exh. 2) in Collier County, Florida with committing the following state criminal offenses on April 23, 1997: First degree murder of Melissa Mardis (Count 1); First degree

murder of Barney Ray Phillips (Count 2); Throwing a deadly missile into a building (Count 3); and Shooting a bullet from a firearm at, within or into a building (Count 4). On October 9, 1997, Petitioner was convicted by a jury of the lesser included offense of second degree murder as to both Counts 1 and 2, and was convicted as charged as to Counts 3 and 4. (Doc. #1-4, Appx. C.)

Prior to sentencing, Petitioner filed a motion for a new trial for reasons unrelated to any issue in his §2254 petition. The trial court granted the motion on February 23, 1998. (Doc. #21, Exh. 1, p. 23.) The granting of a new trial was affirmed on appeal by the Second District Court of Appeals. State v. Mardis, 731 So. 2d 668 (Fla. 2d DCA 1999)(Table).

After a second jury trial, on October 5, 1999, Petitioner was convicted of both counts of second degree murder as well as Counts 3 and 4. (Doc. #21, Exh. 1, p. 22.) On November 8, 1999, the sentencing court imposed sentences of life imprisonment as to both Counts 1 and 2, and fifteen years as to Counts 3 and 4, all sentences to run concurrently. (Id. at Exh. 4.) These sentences fell within the then-applicable 1995 state Sentencing Guidelines.

Petitioner filed a direct appeal after the second trial, and his convictions and sentences were affirmed. Mardis v. State, 790 So. 2d 1120 (Fla. 2d DCA 2001).

On November 27, 2001, Petitioner filed a *pro se* Motion to Correct Illegal Sentence Pursuant to Fla. R. Crim. P. 3.800(a) in

2

the trial court alleging the 1995 sentencing guidelines were unconstitutional and that he should be re-sentenced under the 1994 sentencing guidelines. (Doc. #21, Exh. 7A.) The State filed a response acknowledging that, based upon Heggs v. State, 718 So. 2d 263 (Fla. 2d DCA 1998), Petitioner was illegally sentenced using the 1995 state Sentencing Guidelines. (Doc. #21, Exh. 7B.) The state trial court entered an order (Doc. #21, Exh. 7C) granting Petitioner's motion in light of Heggs v. State, 759 So. 2d 620 (Fla. 2000), which found that the 1995 Sentencing Guidelines violated the Florida Constitutional provision referred to as the "single subject rule," and ordered a new sentencing hearing.

At the August 13, 2002, re-sentencing, the state 1994 Sentencing Guidelines were utilized. The recommended sentence was 354.4 months, and the sentencing range was 265.8 months to 443 months. (Doc. #21, Exh. 1, p. 19; Exh. 7D, p. 23.) The State requested an upward departure because the offenses were committed in a heinous, atrocious, and cruel manner. After taking additional testimony and hearing argument, the trial court agreed in part, and granted an upward departure as to Count 2. (Id. at Exh. 7D, p. 25.) The trial court stated, as to the murder of Barney Ray Phillips: "In this case, there was a pursuit of Mr. Phillips over and over and firing of a number of shots which are indicative of the intent with which the pursuer, you, had in you mind at the time that you pursued Mr. Phillips and one can only surmise that Mr. Phillips understood the gravity of his situation and the

3

hopelessness of it, and notwithstanding his attempt to escape and pleas to the contrary, he was killed." (Doc. #21, Exhibit 7D, pp. 24-25.) The court continued: "I do find that the heinous, atrocious and cruel has been established by the mental anguish and terror that the victim's attempts to escape, and the relentless pursuit by his killer, that's you; and for that, it is my intent that you spend the rest of your life in prison without parole for the shooting and killing of Mr. Phillips." (Id. at 25-26.) In the written portion, the trial court stated that he had departed upward because the "murder was heinous, atrocious and cruel by creating tortious mental anguish before death." (Doc. #21, Exh. 7E, p. 20.) The Court further concluded that the facts and circumstances surrounding the murder of Melisa Mardis did not permit such a finding. (Id. at 7D, pp. 25-26.) Petitioner was sentenced to life imprisonment as to Count 2, 443 months imprisonment as to Count 1, and 15 years imprisonment as to Counts 3 and 4, all sentences to run concurrently.

Petitioner filed an appeal from the re-sentencing only as to the life imprisonment sentence imposed on Count 2. (Doc. #21, Exh. 7F.) The sentence was *per curiam* affirmed. Mardis v. State, 861 So. 2d 34 (Fla. 2d DCA 2003).[1]

On May 13, 2005, Petitioner filed a *pro se* post-conviction

---

[1]Petitioner also filed a petitioner for writ of habeas corpus with the state appellate court, but this was denied. Mardis v. State, 915 So. 2d 1210 (Fla. 2d DCA 2005)(Table).

motion under Rule 3.850, Florida Rules of Criminal Procedure. (Doc. #21, Exh. 8A.) The motion was dismissed in part and denied in part by the trial court. (Doc. #21, Exh. 8D.) As it relates to the issues raised in the Rule 3.850 motion, the trial court held that the life sentence did not violate Apprendi v. New Jersey, 530 U.S. 466 (2000) because Apprendi only prohibited a judge from imposing a sentence above the statutory maximum, as opposed to the maximum end of the sentencing guidelines range. The trial court found that since Petitioner was convicted of second-degree murder, the maximum statutory sentence was life imprisonment, Fla. Stat. § 775.082(3)(a)(3) (1994), the life imprisonment sentence did not exceed the statutory maximum, and therefore the sentence did not violate Apprendi. The trial court also held that Ring v. Arizona, 536 U.S. 584 (2002) did not apply because Ring was a death penalty case and Petitioner was not sentenced to death. Finally, the trial court held that Blakely v. Washington, 542 U.S. 296 (2004) did not apply because Petitioner's conviction became final fifteen days after the 2003 mandate issued by the Second District Court of Appeals, and Blakely does not apply retroactively. The trial court's decision was affirmed on appeal. Mardis v. State, 931 So. 2d 913 (Fla. 2d DCA 2005). Petitioner sought a writ of *certiorari* from the United States Supreme Court, but his petition was denied. Mardis v. Florida, 549 U.S. 1002 (2006).

**II.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001). Under the AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts. Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007)(citation omitted). The AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002)(citing Williams v. Taylor, 529 U.S. 362, 403-404 (2000)). The following legal principles apply to this case.

A federal court must afford a high level of deference to the state court's decision. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141

6

(2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson, 527 F.3d at 1146; Wright v. Sec'y, Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).

"Clearly established Federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown v. Payton, 544 U.S. at 141; Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003). It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the

7

facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson v. Haley, 353 F.3d 880, 890-91 (11th Cir. 2003). This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836

(11th Cir.), cert. denied, 534 U.S. 1046 (2001) (citation omitted).

Finally, a federal habeas proceeding reviews the lawfulness of a petitioner's custody only to determine if it is in violation of the federal Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Coleman v. Thompson, 111 S. Ct. 2546, 2554 (1991) (citation omitted). See also Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). The Supreme Court has often held that federal habeas relief does not lie for errors of state law. Estelle v. McGuire, 112 S. Ct. 475, 480 (1991), "reemphasize[d] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. See Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Llamas-Almaguer v. Wainwright, 666 F.2d 191 (5th Cir. 1982).

### III.

Petitioner filed his § 2254 petition on September 5, 2006. Respondent does not assert that the petition was untimely filed, and concedes that all issues presented in it have been exhausted in state court (Doc. #18, p. 10). Petitioner raises the following four issues: (1) The upward departure under the state Sentencing Guidelines violated United States Supreme Court precedent; (2) the

9

section of Florida's sentencing law which allows a judge to make findings of fact is unconstitutional; (3) the sentences imposed for Counts 1 and 4 violated principles of double jeopardy; and (4) various United States Supreme Court decisions apply retroactively to his case and render the sentences unconstitutional. *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

**A. Ground One**

Petitioner argues that the upward departure under the state Sentencing Guidelines as to Count 2 violated United States Supreme Court precedent because the facts relied upon by the sentencing judge were not argued in the first or second trial and were not found by the jury. Petitioner also argues that the evidence is insufficient to support the enhancement based on heinous, atrocious and cruel conduct.

Petitioner's relies on Apprendi v. New Jersey, 530 U.S. 466 (2000) for the first portion of his arguments. Apprendi established, as a constitutional matter, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. In Blakely v. Washington, 542 U.S. 296, 301, 303-04 (2004), the Supreme Court clarified that the relevant "'statutory

maximum' for Apprendi purposes is the maximum a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." The Apprendi rule was reaffirmed in United States v. Booker, 543 U.S. 220, 232-33 (2005) and other subsequent decisions.

"The rule in Apprendi only applies where a defendant is sentenced above the statutory maximum sentence for an offense." United States v. Davis, 329 F.3d 1250, 1254 (11th Cir. 2003). Thus, extra-verdict "enhancements made in a non-mandatory Guidelines system are constitutionally permissible." United States v. Duncan, 400 F.3d 1297, 1302 (11th Cir.), cert. denied, 546 U.S. 940, (2005). See also United States v. Thomas, 446 F.3d 1348, 1355 (11th Cir. 2006). Second degree murder is a felony in the first degree that carries a maximum sentence of life imprisonment. See § 782.04(2), FLA. STAT.(second degree murder "constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in § 775.082, . . ."; § 775.082(3)(b), FLA. STAT. ("For a felony of the first degree, by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment."). Because Petitioner's life sentence did not exceed the statutory maximum, and the sentencing court applied the state Sentencing Guidelines in an advisory fashion, the sentencing court properly enhanced Petitioner's Sentencing Guidelines sentence based on facts not charged in the Indictment,

admitted by Petitioner, or found by the jury. Accordingly, the Florida courts' decision that there was no Apprendi error was correct and not contrary to federal law, Jewell v. Crosby, 142 Fed. Appx. 371, 373 (11th Cir. 2005). This aspect of Petitioner's § 2254 petition is denied.

Petitioner also asserts that there was insufficient evidence to support the enhancement. To obtain relief, Petitioner must show that the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. The evidence in this case was clearly sufficient for the sentencing court to find that the offense conduct qualified for the enhancement. The facts of the case as summarized in Petitioner's state appellate briefs would fully support the finding by the sentencing court as to the enhancement. Therefore, this issue does not support issuance of a writ pursuant to § 2254.

**B. Ground Two**

Petitioner argues that the section of Florida's sentencing law which allows a judge to make findings of fact supporting an upward departure is unconstitutional as a violation of Jones, Apprendi,

12

Ring, Blakely. Petitioner is incorrect. The Supreme Court has rejected the argument that the Sixth Amendment right to a jury trial prohibits the sentencing court from making factual determinations that go beyond a defendant's admissions or facts found by the jury. As the Eleventh Circuit has stated, "all nine [justices in United States v. Booker, 543 U.S. 220 (2005)] agreed that the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional." United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005), reh'g denied, 406 F.3d 1261 (11th Cir. 2005)(en banc), cert. denied, 545 U.S. 1127 (2005). As United States v. Stone, 319 Fed. Appx. 855 (11th Cir. 2009) recently stated:

> When the district court applies the Guidelines in an advisory manner, nothing in Booker prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admissions." United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007), cert. denied, ___ U.S. ___, 128 S. Ct. 175, 169 L. Ed.2d 119 (2007); see also United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005), cert. denied, 545 U.S. 1127, 125 S. Ct. 2935, 162 L. Ed.2d 866 (recognizing that "the use of extra-verdict enhancements in a non-mandatory guidelines system is not unconstitutional"). We have also held that "a district court may enhance a sentence based upon judicial fact-finding provided that its findings do not increase the sentence beyond the statutory maximum authorized by facts determined in a guilty plea or jury verdict." United States v. Dean, 487 F.3d 840, 854 (11th Cir. 2007) (per curiam), cert. denied, ___ U.S. ___, 128 S. Ct. 1444, 170 L. Ed.2d 275 (2008).

Stone, 319 Fed. Appx. at 856-57. Accordingly, Petitioner's argument is without merit.

**C. Ground Three**

Petitioner argues that the sentences imposed for Count 1 and Count 4 violated principles of double jeopardy because the victim of the Count 1 murder was killed by the discharging of the firearm inside the house.

In <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932), the Court explained that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." As the Respondent correctly argues (Doc. #18, pp. 22-23), the elements of the two offenses establish that each requires proof of a fact which the other does not. Therefore, Petitioner's double jeopardy right was not violated, and the petition is denied as to this issue.

**D. Ground Four**

Petitioner argues that <u>Apprendi</u> and <u>Blakely</u> must apply retroactively because Florida has adopted <u>Fiore v. White</u>, 531 U.S. 225 (2001). No United States Supreme Court decision has held that <u>Apprendi</u> or <u>Blakely</u> are retroactive. Therefore, the decision of the state courts cannot have been in violation of established federal law. In any event, even if <u>Blakely</u> was retroactive it would not assist Petitioner. In this case, the jury's verdict alone authorized a sentence of life imprisonment under the Florida

statutes, as discussed above. Therefore, this issue is without merit.

For the reasons stated above, it is now

**ORDERED**:

Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. #1) is **DENIED**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Ft. Myers, Florida on this __29th__ day of July, 2009.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies to:
Counsel of Record
Alford Leonard Mardis
SA/aj